

David Simmons -State Police- <david.simmons@maryland.gov>

## MD Expungements
1 message

**Joni Mayle** <jlmayle@fbi.gov>      Mon, Mar 6, 2023 at 9:29 AM
To: "david.simmons@maryland.gov" <david.simmons@maryland.gov>

David-

In response to your request to share information provided to you by the NICS Legal Analysis Team with the Administrative Law Judge , please utilize the following information:

The Bureau of Alcohol, Tobacco, Firearms, and Explosives and the FBI only recognize a jurisdiction's expungement procedure as meeting the "expunged" exception to "conviction" as defined in Title 18, United States Code, section 921(a)(20) and (33) if the procedure deems that the conviction shall be treated as if it didn't exist for all purposes. The expungement procedure you have received does not meet this standard. For analysis and clarification of this standard, see Wyoming ex rel. Crank v. United States, 539 F.3d 1236 (10th Cir. 2008) – in which the 10th Circuit Court of Appeals concluded that Congress intended "expunged" to require that a state procedure completely remove the effects of the conviction in question.

The following information identifies varying statutes concerning expungements in the state of Maryland and how they are applied for NICS purposes. This information can also be located on the LEEP MD Terminology Page.

Expungements upon release without charges, § 10-103, § 10-103.1, states that a person who is arrested or confined by a lawful enforcement unit and then is released without being charged with the commission of a crime is entitled to expungement of all police records, including photographs and fingerprints, relating to the matter. This is not viewed as a true expungement for NICS purposes; however no charges were filed; therefore, this would not be potentially disqualifying.

Expungement of records involving the use or possession of less than 18 grams of marijuana, § 10-105.1, will be viewed as a true expungement for NICS purposes beginning October 1, 2021 and would not be disqualifying. Any police record, court record, or other record maintained by the State or a political subdivision of the State relating to the charging of a crime or a civil offense under § 5-601(c)(2)(ii) of the Criminal Law Article, including a must-appear violation of the Transportation Article, shall be expunged three years after a disposition of the charge if no charge in the case resulted in a disposition other than: (1) acquittal; (2) dismissal; (3) not guilty; or (4) nolle prosequi, except nolle prosequi with a requirement of drug or alcohol treatment.

Expungement of record after charge is filed, § 10-105(a), This can be granted for convictions as well as non-convictions such as (1) acquittal; (2) dismissed; (3) probation before judgment (PBJ); and (4) nolle prosequi. This is not a true expungement for NICS purposes.

In summary, there must be a total obliteration of the record to be viewed as a "true expungement." If the information can be utilized for future proceedings or is stored in another location, this would not constitute a "true expungement" for NICS purposes. As part of the validation process, the NICS Section conducts an annual review of the application of state specific terminology. If a determination is made during this review that modifications are necessary to the state specific pages, updates will be made accordingly.

Thank you.

*Joni L. Mayle*

**PLAINTIFFS' EXHIBIT 2**

Legal Administrative Specialist
FBI National Instant Criminal Background Check System (NICS) Section
NICS Business and Liaison Unit (NBLU)
Legal Analysis Team (LAT)
PH: 304-625-7096
Email: jlmayle@fbi.gov

This message has been transmitted to you by the FBI Criminal Justice Information Services Division's National Instant Criminal Background Check System Section. The message, along with any attachments, is to be considered confidential and legally privileged. No part of it is to be disseminated or reproduced without written consent of the sender. If you are not the intended recipient of this message, please destroy it promptly without any retention, dissemination, or reproduction (unless required by law), and please notify the sender of the error immediately by separate e-mail or by calling 304-625-7096.

**PLAINTIFFS' EXHIBIT 2**